## THE STATE v. FEASEL, *Appellant.*

**Criminal Law**: CONCUBINAGE. To constitute concubinage within the meaning of section 1257, Revised Statutes 1879, which makes it an offense to carry off any female under the age of eighteen years for the purpose of concubinage, it is not necessary that the illicit intercourse should continue for an indefinite or considerable length of time. A single act is sufficient.

*Appeal from Andrew Circuit Court.*—Hon. H. S. KELLEY, Judge.

AFFIRMED.

*Chas. F. Booher* for appellant, cited Burr. Law Dic., 338; Shelford Marr. and Div., 10; Taylor Civil Law, 210; *Slocum v. People*, 90 Ill. 274.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J.—The defendant was indicted in the Andrew county circuit court at its April term, 1881, under section 1257, Revised Statutes, for taking away a female under the age of eighteen years from her father for the purpose of concubinage. He was put upon his trial at the August term of said court, convicted of the offense charged, and sentenced to two years' imprisonment in the penitentiary. The cause is here upon his appeal, and the chief ground of error assigned is that the court gave improper and refused to give proper instructions.

The section of the statute upon which the indictment is based, is as follows: " Every person who shall take away any female under the age of eighteen years, from her father, mother, guardian, or other person having the legal charge of her person, either for the purpose of prostitution or concubinage, and any father, mother, guardian, or other person having the legal charge of her person who shall consent to the same, shall, upon conviction thereof, be punished by imprisonment in the penitentiary not ex-

ceeding five years." The court, after properly defining what was a taking away of a female under the statute, gave an instruction on behalf of the State to the effect, that if the jury believed from the evidence that defendant did take away from her father Belle Murray, a female under the age of eighteen years, for the purpose of concubinage, that is, for the purpose of cohabiting with her as man and woman in sexual intercourse for any length of time, even for a single night, without the authority of a legal marriage, they would find him guilty, although they might believe that defendant was pursued and overtaken and thereby prevented from accomplishing the alleged act of concubinage with the said Belle Murray.

This instruction, it is insisted by counsel, is errroneous, because the word "concubinage," as he contends, means something more than an indulgence in one single act of sexual intercourse or cohabitation with another for the period of one single night only; that to make the offense under the statute complete, the evidence must show that it was defendant's purpose in taking away said Belle Murray to have illicit intercourse with her for " an indefinite or considerable length of time." We think the point made is not well taken, whether the subject be considered with reference to the object designed to be accomplished by the statute or with reference to the meaning of the word "concubinage."

It was evidently the design of the legislature in the enactment of said statute, to protect females under eighteen years of age from debauchery and the seductive arts of vicious, lewd and lascivious persons, and also to protect the domestic circle from invasion by such characters, having in their hearts such a purpose. Cohabitation with such a female for a " single night," in the language of the instruction, would as. effectually destroy her and the peace and happiness of her family as cohabitation for " an indefinite or considerable time." The statute would fall far short of

accomplishing its end, if interpreted as counsel contend it ought to be.

Neither is the position taken by counsel borne out by the definition of the word. Concubinage is thus defined by Bouvier, page 311: "The act or practice of cohabiting in sexual intercourse, without the authority of law or a legal marriage;" and by Burrill, page 338: "The cohabitation of a man with a woman to whom he is not united by marriage." The above is the accepted meaning of the word at common law, and was, we think, used by the legislature in that sense.

As the instruction given by the court is in harmony with the above definition, it was properly given, and instructions three and four, asked by defendant, which were based on the theory that the offense charged was not proved unless the evidence showed that it was defendant's purpose to have illicit intercourse with said Belle Murray for an indefinite or considerable time, were properly refused. The instructions given fairly presented the question involved in the case to the jury, and perceiving no cause for disturbing the judgment rendered, it is hereby affirmed, with the concurrence of all the judges.