THE STATE v. WILKINSON, *Appellant*.

Division Two, May 8, 1894.

121 485|
158 133|

Criminal Law: ABDUCTION FOR PURPOSE OF CONCUBINAGE. The taking away of a girl under age for the purpose of sexual intercourse on a single occasion will not support a conviction for abduction for the purpose of concubinage. (*State v. Gibson*, 111 Mo. 92, overruling *State v. Feasel*, 74 Mo. 524, affirmed.)

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

REVERSED.

Indictment in two counts, the first charged defendant with having abducted Maggie Leona Centennial Roots, a female, etc., for the purpose of prostitution; the second count for the purpose of concubinage, under which count defendant was tried and convicted, and his punishment assessed at five years' imprisonment in the penitentiary.

The state's testimony tended to prove that defendant took the prosecuting witness to a house of assignation in St. Louis on but one occasion, and that they remained there for only a few hours; that this was the only time defendant had sexual intercourse with the prosecuting witness.

*McDonald & Howe* for appellant.

*R. F. Walker,* Attorney General, and *Morton Jourdan,* Assistant Attorney General, for the state.

SHERWOOD, J.—In the *State v. Gibson*, 111 Mo. 92, three of the members of this court agreed that the rule announced in *State v. Feasel*, 74 Mo. 524, holding that the taking away of a girl under age, for the purpose of having sexual intercourse with her even for a single night, was an abduction for the purpose of concubinage within the meaning of the statute, was erroneous, and should be overruled, and two other members of this court held in that case that a single act of sexual intercourse, would not authorize a conviction of abduction for the purpose mentioned.

A like intimation was given in *State v. Johnson,*

115 Mo. *loc. cit.* 493. In consequence of these views we hold that *State v. Feasel* should be disapproved. Therefore judgment reversed and defendant discharged. All concur.